```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
           CASE NO. 16-14021-CR-ROSENBERG/LYNCH
```

UNITED STATES OF AMERICA

    v.

BRYAN GROVER MARLEY,

    Defendant.

_____/



FILED BY CGA
Aug 22, 2016
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and BRYAN GROVER MARLEY (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to count 1 of the indictment, which charges the Defendant with dealing firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A); and count 2 of the indictment, which charges the Defendant with making a false statement to a firearms dealer, in violation of Title 18, United States Code, Section 922(a)(6).

2. This Office agrees to seek dismissal of counts 3, 4, and 5 of the indictment after sentencing.

3. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing

1

Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant understands and acknowledges that for count 1 the Court may impose a statutory maximum term of imprisonment of up to 5 years, followed by a term of supervised release of up to 3 years. The Defendant understands and acknowledges that for count 2

the Court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to 3 years. These sentences of imprisonment may be run consecutively, for a total sentence of 15 years of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following which is subject to forfeiture pursuant to Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 924(d)(1):

- a. Ruger, model LCP, .380 ACP, semi-automatic pistol, S/N: 371639104.

- b. Ruger, model LCP, .380 ACP, semi- automatic pistol, S/N: 371639119.

- c. Ruger, model LCP, .380 ACP, semi-automatic pistol, S/N: 371639116.

- d. Ruger, model LCP, .380 ACP, semi-automatic pistol, S/N: 371639131.

- e. DPMS, model Oracle, 5.56 cal., rifle, S/N: DKF 400306.

- f. Colt, model Gold Cup,.22 cal., semi-automatic pistol with magazine, S/N: W0031599

- g. Glock, model 22, .40 cal., semi-automatic pistol, S/N: EPG675.

- h. Winchester, model 94, 30- 30, lever action rifle, S/N: 2987600.

- i. Smith & Wesson, model 642- 1 special, .38 cal., revolver, S/N: CXE2080.

- j. Ruger, model LCP, .380 ACP, semi-automatic pistol, loaded magazine, S/N: 371559944.

- k. Marlin, model 336W, 30/30, rifle, S/N: 91089516.

- l. Beretta, model 92f, 9 mm, semi-automatic pistol, S/N: H38275Z.

- m. Remington, model 1100, 12 gauge shotgun, S/N: 21192V.

- n. Remington, model 870 magnum, shotgun, S/N: B940281M.

  o. Remington, model 1917 rifle, S/N: 54179.

  p. Ruger 10/22 rifle, cal. 22, S/N: 4-32220.

  q. Savage 64 rifle, cal. 22, S/N: 0069290.

The defendant agrees that the above listed property represents a firearm or ammunition involved in or used in, or intended to be used in a violation of the charge in the Indictment to which he is pleading.

Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by

the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/22/16    By: _____
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY

Date: 8-9-16    By: _____
DAVID M. TRONTZ
ATTORNEY FOR DEFENDANT

Date: 8-5-16    By: _____
BRYAN GROVER MARLEY
DEFENDANT